IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01631-PAB-KLM
(Consolidated with Civil Action No. 14-cv-01632-PAB-KLM)

_____

CELLPORT SYSTEMS, INC.,

      Plaintiff,

v.

BMW OF NORTH AMERICA, LLC, and
BAYERISCHE MOTOREN WERKE AG, a Foreign Corporation,

      Defendants.

_____

CELLPORT SYSTEMS, INC.,

      Plaintiff,

v.

TOYOTA MOTOR SALES, U.S.A., INC. and
TOYOTA MOTOR CORPORATION, a Japanese Corporation,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Toyota's Motion to Stay Pending *Inter Partes***

**Review** [#50][1] (the "Motion").  Plaintiff filed a Response [#52] and Defendants filed a Reply

[#53].  In the Response, Plaintiff states that it "does not, in general terms, oppose a stay

_____

[1] "[#46]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).

1

in the present consolidated proceedings." *Response* [#52] at 2.   However, Plaintiff asks the Court to enter a partial stay that excepts from the stay Plaintiff's service on "BMW of North America's [ ] German parent company" which has been initiated under the Hague Convention.  *Id.*  Plaintiff further notes that the stay should except service of process on any named Defendant.  *Id.* at 2-3.  In the Reply, Defendants state that they do "not oppose a partial stay that allows Cellport to continue its efforts to effect service on" the German entity.  *Reply* [#53] at 3.  The parties dispute whether they should be required to file: a joint notice updating the Court on the status of the Inter Partes Review proceedings every 90 days, joint notices within ten days of the grant or denial of institution of those proceedings, and joint notices within ten days of final resolution of those proceedings.  *Reply* [#53] at 3.

## I.  Background

Plaintiff initiated the lead action on June 10, 2014, alleging trademark infringement.  *See generally Complaint* [#1].  On December 9, 2014, the cases were consolidated.  *See Order* [#44] at 4.   On February 13, 2015, Defendant Toyota Motor Corporation filed Petitions for *Inter Partes* Review (the "IPR Petitions") with regard to the two trademarks at issue in this consolidated case.  *See generally Motion, Exs., A & B* [#50-1, 50-2].  The IPR Petitions ask the Patent Trial and Appeal Board of the United States Patent and Trademark Office to cancel the trademarks at issue in these consolidated proceedings.  Defendants inform the Court that such reviews are typically adjudicated within one year of the filing of the petitions.  *Motion* [#50] at 7.

## II.  Analysis

## A.     Request for a Stay

2

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to enter a stay. *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings). The "[C]ourt has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis*, 2012 WL 6153513, at *1 (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may

3

be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, a stay would apparently not prejudice Plaintiff because it does not oppose a stay that excepts its efforts to serve any unserved Defendants. *Response* [#52] at 2. Therefore, the Court finds that the first *String Cheese Incident* factor weighs in favor of a partial stay.

With regard to the second factor, Defendants request the stay. *See generally Motion* [#50]. Accordingly, the Court finds that a stay will not burden Defendants. Therefore, the Court finds that the second *String Cheese Incident* factor weighs in favor of

4

a partial stay.

With regard to the third factor, it is certainly more convenient for the Court to enter a stay while the IPR Proceedings are adjudicated.  Further, the outcome of the IPR Proceedings may significantly impact this consolidated proceeding.  The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a partial stay.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor of nor against a stay.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Staying this consolidated proceeding while the IPR Proceedings are adjudicated serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of a partial stay.

The Court agrees with the parties that Plaintiff's service on any named Defendant should be excepted from the stay in order to allow Plaintiff to complete its on-going service attempts.  Accordingly, the Motion [#50] is **granted in part** as described below.

**B.    Administrative Closure**

Application of the factors examined above results in the conclusion that the imposition of a partial stay is justified in this matter.  However, because the IPR Proceedings were initiated in February and it may be a year before they are finally adjudicated, it is unclear at this point what duration of a stay will be required in this case.  This Court routinely administratively closes cases pursuant to D.C.COLO.LCivR 41.2 when a case would otherwise be stayed for an indefinite period of time.  *See, e.g., Mauchlin v.*

*Zhon*, No. 12-cv-01449-RM-BNB, 2015 WL 479042, at *1 (D. Colo. Feb. 3, 2015) (administratively closing case "subject to reopening for good cause subsequent to Plaintiff's vision problems being addressed"); *San Juan Cable LLC v. DISH Network LLC*, No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) (administratively closing case "to be reopened only if the U.S. District Court for the District of Puerto Rico refers a related enforcement matter to this Court"); *Workalemahu v. Heritage Club*, No. 14-cv-02396-RM-MEH, 2015 WL 293261, at *1 (D. Colo. Jan. 21, 2015) (administratively closing case pending arbitration).

The Tenth Circuit has construed an administrative closure to be "the practical equivalent of a stay." *Quinn*, 828 F.2d at 1465 n.2 (10th Cir.1987). In *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389 (1st Cir. 1999), the First Circuit explained the nature of administrative closure as follows:

> Administrative closings comprise a familiar, albeit essential ad hoc, way in which courts remove cases from their active files without making any final adjudication. The method is used in various districts throughout the nation in order to shelve pending, but dormant, cases.

*Id.* at 392 (internal citations and quotation marks omitted). The First Circuit further explained that "an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository [and] . . . d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality." *Id.*

In this case, the Court finds that administrative closure may be appropriate after Plaintiff completes service on any named Defendants who have not yet been served.

6

Therefore, the Court will order the parties to file a joint status report within ten days of the completion of service on all named Defendants.  That status report shall also inform the Court of the status of the IPR Proceedings.  If the IPR Proceedings are adjudicated and/or finally resolved prior to the completion of service, the parties shall file a joint status report within ten days of such adjudication or resolution.  If a status report is filed informing the Court that service on all named Defendants is complete and that the IPR Proceedings are on-going, the Court will recommend that the case be administratively closed pursuant to D.C.COLO.LCivR 41.2.

### III.  Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#50] is **GRANTED in part**.  This case is **STAYED** pending further order of the Court, except that Plaintiff may serve any named Defendant.

IT IS FURTHER **ORDERED** that within **ten days** of the completion of service on all named Defendants, the parties shall file a joint status report informing the Court of the completion of service and the status of the IPR Proceedings.  However, if the IPR Proceedings are adjudicated or otherwise resolved prior to the completion of service on all named Defendants, the parties shall file a status report informing the Court of the adjudication or resolution within **ten days** of such adjudication or resolution.

Dated:  April 17, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

7