IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01631-PAB-KLM
(Consolidated with Civil Action No. 14-cv-01632-PAB-KLM)

---

CELLPORT SYSTEMS, INC.,

    Plaintiff,

v.

BMW OF NORTH AMERICA, L.L.C. and
BAYERISCHE MOTOREN WERKE AG, a foreign corporation,

    Defendants.

---

CELLPORT SYSTEMS, INC.,

    Plaintiff,

v.

TOYOTA MOTOR SALES, U.S.A., INC. and
TOYOTA MOTOR CORPORATION, a Japanese Corporation,

    Defendants.

---

## ORDER

---

The matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 56].

On February 2, 2015, defendant Toyota Motor Corporation filed petitions with the Patent Trial and Appeal Board ("PTAB") seeking to institute an *inter partes* review of the patents at issue in this case. Docket No. 50 at 7; Docket No. 55 at 2. On February 13, 2015, Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Corporation (collectively,

"Toyota") filed a motion to stay, which sought to stay or, in the alternative, administratively close this case pending the PTAB's decision on whether to institute *inter partes* review of the patents at issue. Docket No. 50 at 21. On March 6, 2015, plaintiff filed a response, stating that it "does not oppose a stay with the exception that Cellport, its agents, and any appointee for service of process be expressly allowed to continue, initiate, (and, if necessary, re-initiate) service of process on any named defendant." Docket No. 52 at 2-3. On April 17, 2015, the magistrate judge granted Toyota's motion to stay, staying the case indefinitely, "except that Plaintiff may serve any named Defendant." Docket No. 54 at 7. The magistrate judge also noted that, because a ruling on the *inter partes* review process may not be completed for a year, the requisite duration of the stay was unclear and, as a result, that "administrative closure may be appropriate after Plaintiff completes service on any named Defendants who have not yet been served." Docket No. 54 at 5-6.

On April 28, 2015, the parties filed a joint status report indicating that plaintiff has effected service of process on all named defendants. Docket No. 55 at 1. The parties submit that there has been no change in the status of Toyota Motor Corporation's *inter partes* review petitions. *Id.* at 2. On April 29, 2015, the magistrate judge, noting that plaintiff effected service on all named defendants and that there has been no change in the status of the *inter partes* review petitions, recommended that this case be administratively closed. Docket No. 56 at 2-3.[1]

"A district judge . . . may order the clerk to close a civil action administratively

---

[1] Because the magistrate judge's recommendation does not decide a nondispositive matter or concern a dispositive matter, Fed. R. Civ. P. 72 is inapplicable.

2

subject to reopening for good cause." D.C.COLO.LCivR. 41.2. The Court finds that administrative closure is appropriate in this case. Plaintiff has not expressed any opposition to Toyota's proposal for a stay or, in the alternative, administrative closure, provided that plaintiff be given the opportunity to serve all named defendants. Plaintiff has now served all named defendants. It is not clear from the parties' filings whether the PTAB has granted Toyota Motor Corporation's petitions and initiated an *inter partes* proceeding. However, if the PTAB decides to institute an *inter partes* review, the proceeding may not be resolved for up to one year after that decision. *See* 35 U.S.C. § 316(a)(11). Thus, it is unclear how long the current stay will remain in place. For the foregoing reasons and those set forth in the magistrate judge's order [Docket No. 54] and recommendation [Docket No. 56], the Court finds that good cause exists to administratively close this case. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999) (noting that "an administrative closing has no effect other than to remove a case from the court's active docket and . . . d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality"). Wherefore, it is

    **ORDERED** that this case shall be administratively closed, subject to reopening for good cause, pursuant to D.C.COLO.LCivR 41.2. It is further

    **ORDERED** that the parties shall file a joint status report within ten days of the PTAB's decision on whether to grant Toyota Motor Corporation's petitions and institute an *inter partes* review. If an *inter partes* review is initiated, the parties shall file a joint

status report within ten days of the PTAB's final determination in the *inter partes* review.


DATED April 30, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge